IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD A. KRZYZAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| OAKTON COMMUNITY COLLEGE, | ) | |
| | ) | Judge: |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, DONALD A. KRZYZAK, (hereinafter "DONALD"), by and through his attorneys, MIRABELLA, KINCAID, FREDERICK & MIRABELLA, LLC, and complains of the Defendant, OAKTON COMMUNITY COLLEGE (hereinafter "OCC"), for violations of both the laws of the United States and the State of Illinois against DONALD in his capacity as an "employee" of OCC, and in support thereof states as follows:

### JURISDICTION & VENUE

1. Jurisdiction of this Court is appropriate pursuant to 28 U.S.C. § 1331 because this action involves a federal question arising under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq*. DONALD also brings a pendent State claim pursuant to Rule 18(a) of the Federal Rules of Civil Procedure and as provided by the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq*.

2. Venue is proper in this judicial District under 28 U.S.C. § 1391 because OCC resides in this Distinct and all of the discriminatory employment practices alleged herein were committed within this District.

## PARTIES

3. DONALD is a male citizen, born July 12, 1934 (presently age 81), residing at 124 South Waverly Place, Mount Prospect, IL 60056-2937, in the United States who was employed by OCC, located in Des Plaines, Illinois, commencing on or about January 1, 2000 through July 1, 2015.

4. OCC is an "employer" located at 1600 East Golf Road, Des Plaines, Illinois, 60016 with, more than 20 employees in the State of Illinois, within the meaning of the Age Discrimination in Employment Act (hereinafter ADEA) and the Illinois Human Rights Act (hereinafter IHRA), is qualified to do business and actually doing business in the State of Illinois and OCC's conduct upon which DONALD's claims are based all occurred in the State of Illinois.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. DONALD filed a Charge of Discrimination against OCC with the Illinois Department of Human Rights (IDHR) and the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging that he had been discriminated against on the basis of his Age in violation of the ADEA and the IRA.

6. On January 12, 2016, the IDHR issued DONALD a notice of his right to file a civil action wherein DONALD was granted 90 days to file suit on his claim. (The Notice of Right to Sue is attached hereto and incorporated herein as Exhibit "A"). In addition on February 22, 2016, the EEOC issued DONALD a Notice of Right to Sue wherein DONALD was granted 90 days to file suit on his claim. (The Notice of Right to Sue is attached hereto and incorporated herein as Exhibit "B").

7. DONALD has filed this action less than 90 days after receipt of each Notice of Right to Sue.

**FACTS**

8. DONALD, aged 81, is a member of a protected class.

9. DONALD was employed by OCC as an adjunct faculty member on or about January 1, 2000 and at all times relevant hereto DONALD was qualified for the job he was hired to perform at OCC.

10. At all times relevant hereto, DONALD was a SURS annuitant, in that he was receiving benefits from the State University Retirement System.

11. All SURS annuitants employed by OCC are members of a protected class in that they are all age 40 or above.

12. On or about November 13, 2014, DONALD was notified by OCC that they had enacted a new policy whereby OCC would no longer employ SURS annuitants.

13. OCC's enactment and implementation of its policy not to employ SURS annuitants was willful in that it was done with reckless disregard that its policy violated the ADEA.

14. Based upon his status as a SURS annuitant, OCC informed DONALD that his employment in the future would be discontinued and/or that he would not be re-hired or retained.

15. Upon information and belief, after OCC failed to re-hire or retain DONALD in his position, he was replaced by an employee not within his protected age class.

16. OCC discriminated against DONALD based upon his age by enacting a policy resulting in a disparate impact upon individuals age 40 or above in violation of Section 623(a) of the ADEA and Section 5/2-102 of the IHRA.

17. As a direct result of OAKTON's discrimination, DONALD suffered damages, including but not limited to, lost wages, severe emotional distress, pain and suffering, humiliation, stress, attorney's fees and costs.

WHEREFORE, Plaintiff, DONALD A. KRZYZAK, respectfully prays unto this Honorable Court to find in his favor and issue judgment against Defendant, OAKTON COMMUNITY COLLEGE as follows:

A. Compensatory damages for loss of wages, salary, employment benefits, with prejudgment interest thereon, and other compensation including front pay, denied to or lost by Plaintiff, DONALD A. KRZYZAK, by reason of Defendant's unlawful discrimination in violation of Section 623(a) of the ADEA and Section 5/2-102 of the IHRA;

B. Compensatory damages for severe emotional distress, pain and suffering, humiliation, damage to professional and personal reputation, and other damages suffered by Plaintiff, DONALD A. KRZYZAK, by reason of Defendant's unlawful discrimination in violation of Section 5/2-102 of the IHRA;

C. Compelling reinstatement of Plaintiff, DONALD A. KRZYZAK to his position with Defendant, OAKTON COMMUNITY COLLEGE, as an adjunct faculty member;

D. Liquidated damages;

E. Attorneys fees and costs; and,

F. Such further relief as is equitable and just.

Respectfully Submitted,

*/s/ Donald A. Krzyzak*
DONALD A. KRZYZAK

I, DONALD A. KRZYZAK, being first duly sworn on oath, depose and state under penalty of perjury that I am the Plaintiff in this Complaint, and I have read the foregoing; and that all of the allegations contained therein are true and correct.

_____
DONALD A. KRZYZAK

SUBSCRIBED and SWORN to
Before me this 10th day
Of March, 2016.

_____
Notary Public

OFFICIAL SEAL
LORI C. SECCOMBE
Notary Public, State of Illinois
My Commission Expires 09/18/2019

Counsel for the Plaintiff affixes his signature hereto and on information and belief is of the opinion that the foregoing is true and accurate and conforms in good faith with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

_____
GEORGE S. FREDERICK
Attorney for Plaintiff

Mirabella, Kincaid, Frederick & Mirabella, LLC
1737 S. Naperville Road, Suite 100
Wheaton, Illinois 60189
(630) 665-7300
contact@mkfmlaw.com

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF:

DONALD KRZYZAK,

    COMPLAINANT,

AND

OAKTON COMMUNITY COLLEGE,

    RESPONDENT.

CHARGE NO. 2015CA3020
EEOC NO. 21BA51492

### NOTICE OF DISMISSAL
### FOR LACK OF SUBSTANTIAL EVIDENCE

Joshua D. Bedwell
Mirabella, Kincaid,
Frederick & Mirabella, LLC
1737 S. Naperville Rd.
Suite 100
Wheaton, IL 60189

Jennifer L. Jones
Robbins, Schwartz, Nicholas,
Lifton & Taylor, Ltd.
55 W. Monroe Street
Suite 800
Chicago, IL 60603

DATE OF DISMISSAL: January 12, 2016

1. YOU ARE HEREBY NOTIFIED that based upon the enclosed investigation report, the DEPARTMENT OF HUMAN RIGHTS (DHR) has determined that there is NOT substantial evidence to support the allegations of the charge(s). Accordingly, pursuant to Section 7A-102(D) of the Human Rights Act (775 ILCS 5/1-101 et. seq.) and its Rules and Regulations (56 Ill. Adm. Code. Chapter II, Section 2520.560), the charge is HEREBY DISMISSED.

2. If Complainant disagrees with this action, Complainant may:

   a) Seek review of this dismissal before the Illinois Human Rights Commission, 100 West Randolph Street, Suite 5-100, Chicago, Illinois, 60601, by filing a "Request for Review" with the Commission by the request for review filing date below. Respondent will be notified by the Human Rights Commission if a Request for Review is filed.

   **REQUEST FOR REVIEW FILING DEADLINE DATE: April 18, 2016**

   Or,

   b) Commence a civil action in the appropriate state circuit court within ninety (90) days after receipt of this Notice. A complaint should be filed in the circuit court in the county where the civil rights violation was allegedly committed.


EXHIBIT A

Page 2
Notice of Dismissal for Lack of Substantial Evidence
2015CA3020

If you intend to exhaust your State remedies, please notify the Equal Employment Opportunity Commission (EEOC) immediately. The EEOC generally adopts the Department's findings. The Appellate Courts in Watkins v. Office of the State Public Defender, ___ Ill.App.3d ___, 976 N.E.2d 387 (1st Dist. 2012) and Lynch v. Department of Transportation, ___ Ill.App.3d ___, 979 N.E.2d 113 (4th Dist. 2012), have held that discrimination complaints brought under the Illinois Human Rights Act ("IHRA") against the State of Illinois **in the Illinois Circuit Court** are barred by the State Lawsuit Immunity Act. (745 ILCS 5/1 et seq.). Complainants are encouraged to consult with an attorney prior to commencing a civil action in the Circuit Court against the State of Illinois.

**Please note that the Department cannot provide any legal advice or assistance. Please contact legal counsel, your city clerk, or your county clerk with any questions.**

3. Complainant is hereby notified that the charge(s) will be dismissed with prejudice and with no right to further proceed if a timely request for review is not filed with the Commission, or a written complaint with the appropriate circuit court.

4. If an EEOC charge number is cited above, this charge was also filed with the Equal Employment Opportunity Commission (EEOC). If this charge alleges a violation under Title VII of the Civil Rights Act of 1964, as amended, or the Age Discrimination in Employment Act of 1967, Complainant has the right to request EEOC to perform a Substantial Weight Review of this dismissal. Please note that in order to receive such a review, it must be requested in writing to EEOC within fifteen (15) days of the receipt of this notice, or if a request for review is filed with the Human Rights Commission, within fifteen days of the Human Rights Commission's final order. Any request filed prior to your receipt of a final notice WILL NOT BE HONORED. Send your request for a Substantial Weight Review to EEOC, 500 West Madison Street, Suite 2000, Chicago, Illinois 60661. Otherwise, EEOC will generally adopt the Department of Human Rights' action in this case.

**PLEASE NOTE: BUILDING SECURITY PROCEDURES PRESENTLY IN PLACE DO NOT PERMIT ACCESS TO EEOC WITHOUT AN APPOINTMENT. IF AN APPPOINTMENT IS REQUIRED, CALL 312-869-8000 OR 1-800-669-4000.**

DEPARTMENT OF HUMAN RIGHTS

HB1509/HB59
NOD/LSE
12/10

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Donald Krzyzak
c/o George Frederick, Esq.
Mirabella Kincaid Frederick and Mirabella LLC
1737 S Naperville Rd
Suite 100
Naperville, IL 60189

From: Chicago District Office
500 West Madison St
Suite 2000
Chicago, IL 60661

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2015-01492 | Daniel Lim, State & Local Coordinator | (312) 869-8082 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman /ss*

**Julianne Bowman,
District Director**

February 22, 2016
(Date Mailed)

Enclosures(s)

cc: OAKTON COMMUNITY COLLEGE
c/o Philip Gerner, Esq.
Robbins Schwartz Nicholas Lifton and Taylor Ltd
55 W Monroe St
Suite 800
Chicago, IL 60603

**EXHIBIT B**